# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2026

Lyle W. Cayce
Clerk

No. 24-40692

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS CARDENAS-RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-886-2

## ON PETITION FOR REHEARING EN BANC

Before ELROD, *Chief Judge,* and RICHMAN and WILLETT, *Circuit Judges*.

JENNIFER WALKER ELROD, *Chief Judge*:

Treating the petition for rehearing *en banc* as a petition for panel rehearing (5TH CIR. R.40 I.O.P.), the petition for panel rehearing is DENIED. Because no member of the panel or judge in regular active service requested that the court be polled on rehearing *en banc* (FED. R. APP. P.40 and 5TH CIR. R.40), the petition for rehearing *en banc* is DENIED.

Like many judges, we are deeply troubled by the use of acquitted conduct in sentencing. *See McClinton v. United States*, 143 S. Ct. 2400, 2401 (2023) (Sotomayor, J., respecting the denial of certiorari) (gathering cases). Acquitted-conduct sentencing raises serious constitutional issues and fundamental questions of fairness. *See id.* at 2401 (discussing the tension between this practice and the role of the jury); *id.* at 2402–03 (describing the legitimacy and public-perception concerns created by this practice); *Jones v. United States*, 574 U.S. 948, 948 (2014) (Scalia, J., dissenting from denial of certiorari) (noting that this practice raises both Fifth and Sixth Amendment questions).

However, this case does not warrant rehearing. As the panel opinion notes, Supreme Court precedent squarely binds us. *United States v. Cardenas-Ramirez*, No. 24-40692, 2026 WL 509046 at *5 (5th Cir. Feb. 24, 2026) ("However, we remain bound by precedent, namely *United States v. Watts*, which dictates that 'a sentencing court may consider conduct of which a defendant has been acquitted.'" (footnote omitted) (quoting *United States v. Watts*, 519 U.S. 148, 154 (1997)). As an "inferior court," we cannot provide the kind of relief that Cardenas-Ramirez seeks, even if we were to rehear the case *en banc*.

Moreover, the facts of this case do not lend themselves to reconsideration of this issue. The jury acquitted Cardenas-Ramirez of possession while convicting him of conspiracy based on the same events. *Id.* at *2. The overlapping nature of the charges complicates the inquiry. The United States Sentencing Commission recognized this challenge in 2024 when it amended Section 1B1.3(c) of the Sentencing Guidelines to prohibit considering acquitted conduct as relevant conduct in most instances, but not if "such conduct also establishes, in whole or in part, the instant offense of conviction." U.S. Sent'g Guidelines Manual § 1B1.3(c) (U.S. Sent'g Comm'n 2024); *see also id.* at § 1B1.3 cmt. n.10 (noting that when "certain

conduct underlies both an acquitted charge and the instant offense of conviction[,] . . . the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction").

One day, the proper court may reconsider acquitted-conduct sentencing and the issues it raises in the right case. *See McClinton*, 143 S. Ct. at 2403 (Alito, J., concurring in denial of certiorari) (noting that "the constitutional issue . . . remain[s]" even after any amendments to the Sentencing Guidelines). This is not that day, not that court, and not that case.